# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. SULLIVAN,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:11-cv-01833-SAB<br><br>**ORDER AWARDING EQUAL ACCESS TO JUSTICE ACT ATTORNEY FEES AND EXPENSES PURSUANT TO 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920**<br><br>(ECF Nos. 23, 25) |

Pursuant to the stipulation of the parties for the award and payment of Equal Access to Justice Act fees, costs and expense, Plaintiff shall be awarded attorney fees and expenses in the amount of six thousand six hundred dollars ($6,600.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of sixty dollars ($60.00) under 28 U.S.C. § 1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Daniel J. Sullivan, the government will consider the matter of Daniel J. Sullivan's assignment of EAJA fees to Lawrence D. Rohlfing. The retainer agreement containing the assignment is attached as exhibit 1. Pursuant to <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether

1  they are subject to any offset.

2      Fees shall be made payable to Daniel J. Sullivan, but if the Department of the Treasury
3  determines that Daniel J. Sullivan does not owe a federal debt, then the government shall cause
4  the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D.
5  Rohlfing, pursuant to the assignment executed by Daniel J. Sullivan.  Any payments made shall
6  be delivered to Lawrence D. Rohlfing.

7      This stipulation constitutes a compromise settlement of Daniel J. Sullivan's request for
8  EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant
9  under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release
10 from, and bar to, any and all claims that Daniel J. Sullivan and/or Lawrence D. Rohlfing
11 including Law Offices of Lawrence D. Rohlfing may have relating to EAJA attorney fees in
12 connection with this action.

13     This award is without prejudice to the rights of Lawrence D. Rohlfing and/or the Law
14 Offices of Lawrence D. Rohlfing to seek Social Security Act attorney fees under 42 U.S.C. §
15 406(b), subject to the savings clause provisions of the EAJA.

16 DATE: February 26, 2013            Respectfully submitted,

17                                    LAW OFFICES OF LAWRENCE D. ROHLFING

18                          BY:       /s/ Lawrence D. Rohlfing
19                                    Lawrence D. Rohlfing
                                      Attorney for plaintiff Daniel J. Sullivan
20
21 DATED: February 27, 2013           BENJAMIN B. WAGNER
                                      United States Attorney
22
                                      /s/ Brenda M. Pullin
23                                    Brenda M. Pullin
                                      Special Assistant United States Attorney
24                                    Attorneys for Defendant Michael J. Astrue,
                                      Commissioner of Social Security
25                                    (Per e-mail authorization)

26

27

28

**ORDER**

IT IS HEREBY ORDERED that fees and expenses in the amount of SIX THOUSAND SIX HUNDRED DOLLARS ($6,600.00) as authorized by 28 U.S.C. § 2412 and costs in the amount of SIXTY DOLLARS ($60.00) as authorized by 28 U.S.C. § 1920, be awarded subject to the terms of the stipulation.

IT IS SO ORDERED.

Dated:   **March 22, 2013**

UNITED STATES MAGISTRATE JUDGE