# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. SULLIVAN,<br><br>               Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | Case No. 1:11-cv-01833-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 28, 29) |

Petitioner Lawrence D. Rohlfing ("Counsel"), attorney for Plaintiff Daniel J. Sullivan ("Plaintiff"), filed the instant motion for attorney fees on June 4, 2013. Counsel requests fees in the amount of $42,000 pursuant to 42 U.S.C. § 406(b)(1). Plaintiff has not objected to the request. On June 7, 2013, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.

## I.

## BACKGROUND

On November 17, 2008, Plaintiff initially filed a Social Security complaint in the United States District Court for the Central District of California. <u>Sullivan v. Asture</u>, No. 2:08-cv-07555-SH (C.D. Cal.). On March 2, 2010, an order issued remanding the action for further proceedings. On May 21, 2010, an order issued on the parties' stipulation for an award of

1

1  attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA") in the amount of
2  $5,000.

3      Plaintiff filed a second application for disability which was denied on August 6, 2010.
4  Plaintiff filed the instant Social Security action on November 2, 2011, in the United States
5  District Court for the Eastern District of California. On December 5, 2012, the Court remanded
6  the action for an award of benefits. On February 28, 2012, the Court granted the parties'
7  stipulation and ordered payment of attorney fees and costs pursuant to the EAJA in the amount of
8  $6,600.00.

9      On May 19, 2013, the Commissioner issued a decision granting Plaintiff's application for
10  benefits. Plaintiff received $187,378.00 in retroactive benefits. (Declaration of Lawrence
11  Rohlfing, ¶ 4, attached to Motion, ECF No. 28.) The Commissioner withheld $46,844.50 from
12  the past-due benefit for attorney fees. This amount equals 25 percent of the retroactive benefit
13  award. (Notice of Award, attached to Motion, ECF No. 28-3.)

14      In the instant motion, Petitioner seeks $42,000.00 for 59.3 hours of attorney time and 12.1
15  hours of paralegal time.[1] After crediting $11,600[2] received previously pursuant to the EAJA,
16  Counsel requests a net fee of $30,400 from the past-due award.

17  <center>**II.**</center>
18  <center>**LEGAL STANDARD**</center>

19      In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a
20  judgment favorable to a claimant . . . who was represented before the court by an attorney," the
21  court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due
22  benefits to which the claimant is entitled by reason of such judgment." The payment of such
23  award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

24      The Supreme Court has explained that a district court reviews a petition for section 406(b)

---

[1] Counsel states that he is seeking compensation for 71.2 hours of time, however the documentation attached to the motion shows that 71.4 hours of time were expended on Plaintiff's behalf.

[2] Petitioner's motion states that $11,000 has been previously paid in attorney fees. A review of the cases reveals that $11,600 has previously been ordered as attorney fees and costs. Petitioner's declaration does not address the previously ordered fees; therefore the Court shall use $11,600 for the fee offset amount.

fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. 28 U.S.C. § 2412. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

**III.**

**DISCUSSION**

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 122 S.Ct. at 1828. Here, the fee agreement between Plaintiff and Petitioner provides for a fee consisting of "25 percent of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration." (Fee Agreement, attached to Motion, ECF No. 28-2.) Plaintiff's reward of benefits is substantial because the backpay dates back to July 2003 when his entitlement began.

Accordingly, Plaintiff is receiving approximately 10 years of backpay from July 2003 through March 2013, which totals $187,378.00 in retroactive benefits. In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. Although this action does involve ten years of backpay, there is no indication that Counsel was responsible for any substantial delay in either of the court proceedings. Counsel is requesting slightly less than the 25 percent contingent-fee. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking $42,000 which is 22.4 percent of the backpay award. The $42,000 fee ($30,400 net fee after subtracting the previously awarded EAJA fee[3]) is not excessively large in relation to the past-due award of $187,378. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

Without taking a position on the reasonableness of the request, Defendant brings to the Court's attention that the fees requested in this action would amount to $708.26 per hour. (ECF No. 29 at 4 n.3.) When considering the total amount requested by Petitioner, the fee request translates to $588 per hour for the time of both attorneys and paralegals. In Crawford the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1152 (dissenting opinion).

The Court finds that the requested fees are reasonable when compared to the amount of work Counsel performed in representing Plaintiff in court. Petitioner's representation of the claimant required two separate actions to be filed. As a result of Petitioner's representation in the Central District action, claimant's appeal was granted and remanded for further proceedings. In this action, Petitioner filed a forty-seven page brief and the representation resulted in the action

---

[3] Section 406(b) is the exclusive regimen for obtaining fees from a Social Security claimant, and awards fees for all work that led to a favorable result, this includes work on a prior appeal that did not result in the award of past-due benefits. Parrish v. Commissioner of Soc. Sec. Admin., 698 F.3d 1215, 1221 (9th Cir. 2012). Therefore, where an attorney represents the claimant in connection with the same claim on more than one appeal, the attorney receives fees for the same work for the purposes of the EAJA savings provision and the award shall be reduced by the total of all EAJA attorney fees previously awarded. Parrish, 698 F.3d at 1221.

being remanded for an award of benefits. Counsel also submitted a detailed billing statement which supports his request. (ECF No. 28-4.)

## VI.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly,

IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $42,000 is GRANTED; and

2. Petitioner's award shall be offset by $11,600 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: **June 20, 2013**

UNITED STATES MAGISTRATE JUDGE